UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT BURGESS, Plaintiff, v. PIERCE COUNTY SUPERIOR COURT, et al., Defendants. | CASE NO. C26-6036 BHS |
| VINCENT BURGESS, Plaintiff, v. PIERCE COUNTY SUPERIOR COURT, et al., Defendants. | CASE NO. C26-6038 BHS<br>ORDER |

THIS MATTER is before the Court following Magistrate Judge Theresa Fricke's Order granting pro se plaintiff Vincent Burgess' applications to proceed *in forma pauperis*, based on his indigency, leaving this Court to evaluate whether Burgess'

complaint asserts a plausible claim and should be served. Dkt. 2 (citing 28 U.S.C. § 1915(e)(2)(B)).

Burgess filed two substantially similar proposed complaints on the same day. Nos. 26-6036 BHS; and 26-6038 BHS. In each case Burgess attempts to sue Pierce County and several of its employees for formally denying his requested ADA accommodation. Dkt. 3 at 2; Dkt. 5 at 2. Burgess is disabled and indigent. He lives in Detroit, Michigan. He contends he "sought to file an urgent Trustee Petition under RCW 11.80 regarding an absentee family member in Pierce County Superior Court." Dkt. 3 at 2; Dkt. 5 at 2. He asserts that Pierce County's electronic portal (LINX) "structurally prohibits indigent litigants from submitting mandatory fee waiver motions online," requiring payment to proceed electronically. Dkt. 3 at 2; Dkt. 5 at 2. He contends that the system violates the ADA and his Fourteenth Amendment right to access the courts. Dkt. 3 at 3; Dkt. 5 at 3.

In his second case, No. 26-6038 BHS, Burgess also filed an "emergency motion for a preliminary injunction," Dkt. 2. He "seeks to file and litigate actions within Pierce County," and asks the Court to compel Pierce County to permit indigent litigants to obtain fee waivers electronically rather than by mail or in person. *Id*. Burgess seeks an order "compelling Defendants to recognize, process, and grant Plaintiff Vincent Burgess's submission under Washington State General Rule 33 (GR 33) as a designated Lay Advocate / Lay Assistant for his disabled brother in all pending and future Pierce County Superior Court proceedings." Dkt. 3-2 at 2.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."

*Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the

plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). The last two factors merge if the government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). When considering whether to grant this "extraordinary remedy, . . . courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

Burgess has not articulated facts stating a plausible claim against any defendant. His claim that the ADA and the Constitution require instant, online, free access to the Pierce County Court system is conclusory and unpersuasive. He has not plausibly pled facts supporting the conclusion that the County's procedures are unconstitutional. He has not asserted facts supporting the inference that any defendant violated the ADA or Burgess' constitutional rights. He has not plausibly alleged that he has business at the court, or that his inability to obtain a fee waiver online did anything more than inconvenience him.

Burgess's claim that he is a "GR 33 designated" "Lay Advocate" for his brother is not plausible. GR 33 does not authorize such a role, and to the extent Burgess claims he is representing or has a constitutional right to represent his brother in court, he is mistaken.

Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus, Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney. There is a pro se exception to this general rule, under which a person "'may appear and act in any court as his own attorney without threat of sanction for unauthorized practice.'" *Cottringer v. State, Dep't of Employment Sec.,* 162 Wn. App. 782, 787, (2011) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56 (1978)).

The pro se exception is extremely limited and applies "'only if the layperson is acting solely on his own behalf'" with respect to his own legal rights and obligations. *Cottringer,* 162 Wn. App. at 787–88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57). Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has no authority to appear as an attorney for anyone other than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954). Burgess cannot represent his brother.

Burgess certainly has not established that he is likely to succeed on the merits of such a claim.

Ordinarily, the Court will permit a pro se litigant an opportunity to amend his complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). It is

perhaps possible that Burgess could remedy these defects, and the Court will permit him an opportunity to do so. However, there is no discernable need for two separate cases involving the same parties, facts, and claims. These cases are **CONSOLIDATED** and any further filings, including any proposed amended complaint, should be filed in the earlier case, No. 26-6036 BHS. No. 26-6038 BHS is **DISMISSED** without prejudice.

Burgess may file an amended complaint stating a plausible claim within 21 days. Any amended complaint should focus on the "who, what, when, where, why, and how" of a factual narrative allowing the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. Incomplete, vague, conclusory or implausible factual or legal assertions are not enough to state a viable claim. The complaint should identify who did what, when, where, why, and how, and then articulate why that conduct is actionable in this Court.

Burgess' motion for a preliminary injunction, Dkt. 2 in No. 26-6038 BHS, is **DENIED**. The Court will evaluate any amended pleading against the standards above before considering any other motions. The clerk shall **CLOSE** No. 26-6038 BHS.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge